UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) INDICTMENT CR 13-183 JRT/LIB |
| Plaintiff, | ) 18 U.S.C. § 1341 |
| v. | ) |
| GREGORY JOSEPH JAUNICH, | ) |
| Defendant. | ) |

THE UNITED STATES GRAND JURY CHARGES:

### INTRODUCTION

1. At all times relevant to this Indictment, Defendant Gregory Joseph Jaunich was a resident of Minnesota. Jaunich promoted, developed, and managed a number of wind energy projects in Minnesota and elsewhere in the Upper Midwest.

2. In 2006, Jaunich formed Averill Wind, LLC ("Averill"), a Minnesota limited liability company, ostensibly for the purpose of developing and operating a wind energy project in Clay County, Minnesota (the "Averill Project"). Jaunich solicited funds from individual investors and investor groups (the "investors") for the purchase of membership units in Averill.

### The Scheme to Defraud

3. From at least in or about October 2006 and continuing through at least June 30, 2008, in the State and District of Minnesota and elsewhere, the defendant,

**GREGORY JOSEPH JAUNICH,**



SCANNED
JUL 1 6 2013
U.S. DISTRICT COURT MPLS

knowingly and intentionally devised and executed a scheme and artifice to defraud the investors, and to obtain more than $1 million in money and property from such investors, by means of false and fraudulent pretenses, representations, and promises.

4. It was part of the scheme to defraud that, to induce these investments, Jaunich made false material representations to investors concerning the status of the Averill Project, including telling investors that the Averill Project was closer to completion than Jaunich in truth knew to be the case.

5. It was further part of the scheme to defraud that Jaunich failed to disclose to the investors that, at the time he was soliciting their investments in Averill in late 2006 and early 2007, Jaunich knew he was under criminal investigation by federal law enforcement in connection with another of his wind energy companies overbilling Xcel Energy, the same energy utility to which Jaunich was seeking to sell electricity in connection with the Averill Project. This fact would have been material to the investors' decision to invest, yet Jaunich did not disclose it until well after the investors made their investments and shortly after Jaunich was indicted in federal court for mail fraud in connection with his submission of fraudulent invoices to Xcel Energy.

6. It was further part of the scheme to defraud that from early October 2006 and continuing until early January 2007, Jaunich caused the investors to invest more than $1.5 million in Averill. Jaunich fraudulently represented to the investors that the funds they invested would be used solely to develop, operate, and maintain the Averill Project, which representations were material to the investors' decisions to invest.

7. It was further part of the scheme to defraud that Jaunich failed to use the investors' funds for the Averill Project, but instead diverted almost all of the funds to his own personal use, to pay personal expenses and debts, and to pay expenses and debts relating to Jaunich's other wind energy projects.

8. It was further part of the scheme to defraud that after diverting the investors' funds, Jaunich lulled the investors into believing that their investment funds had been and would be invested into the Averill Project, prevented the discovery of the true use of the investors' funds, and forestalled legal action by the investors by, among other ways:

   a. making false material representations to the investors concerning the progress he was making in developing the Averill Project, including but not limited to false material representations about construction by Xcel Energy that he knew had never been done and false material misrepresentations about the status of agreements with Xcel Energy;

   b. providing false financial statements to the investors concerning the use of their funds; and

   c. mischaracterizing the nature of the federal criminal investigation into his conduct in connection with another wind energy project.

### COUNTS 1-5
(Mail Fraud)

9. The grand jury incorporates paragraphs 1 through 8 as if fully set forth herein.

10.     From in or about October 2006 through in or about June 2008, Jaunich made multiple false representations to investors in furtherance of the scheme to defraud. Jaunich made these misrepresentations orally and in writing, and, in furtherance of the scheme to defraud, utilized the United States mails and commercial interstate carrier, including but not limited to the mailings identified in Counts 1 through 5 below.

11.     On or about the dates set forth below, in the State and District of Minnesota, the defendant,

**GREGORY JOSEPH JAUNICH,**

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly caused to be sent, delivered, and moved by the United States Postal Service and commercial interstate carrier, according to the directions thereon, various mailings, items and things, as described below:

| Count | Date of Mailing (on or about) | Mailing |
|---|---|---|
| 1 | 6/30/2008 | Letter from Jaunich to S.M. containing false material representations concerning the progress of the Averill Project and enclosing a false financial statement |
| 2 | 6/30/2008 | Letter from Jaunich to D.P. containing false material representations concerning the progress of the Averill Project and enclosing a false financial statement |
| 3 | 6/30/2008 | Letter from Jaunich to G.N. containing false material representations concerning the progress of the Averill Project and enclosing a false financial statement |
| 4 | 6/30/2008 | Letter from Jaunich to R.B. containing false material representations concerning the progress of the Averill Project and enclosing a false financial statement |

| | | |
|---|---|---|
| 5 | 6/30/2008 | Letter from Jaunich to D.M. containing false material representations concerning the progress of the Averill Project and enclosing a false financial statement |

All in violation of Title 18, United States Code, Section 1341.

### FORFEITURE ALLEGATIONS

Counts 1 through 5 of this Indictment are hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Upon conviction of Counts 1 through 5 of this Indictment, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Section 1341.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All in violation of Title 18, United States Code, Sections 981(a)(1)(C) and 1341, and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____        _____
UNITED STATES ATTORNEY              FOREPERSON